**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00720- CNS-GPG

UNITED STATES OF AMERICA, for the use of WESTERN GRAVEL CONSTRUCTORS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

JITA CONTRACTING, INC., a Colorado corporation,

    Defendant, Counterclaim Plaintiff and Third-Party Plaintiff

v.

THE CINCINNATI INSURANCE COMPANY, an Ohio corporation,

    Defendant, Cross-Claim Plaintiff, Counterclaim Plaintiff and Third-Party Plaintiff

v.

JOEL AGUILAR, an individual and ALEXI STANKIEWICZ, an individual,

    Third-Party Defendants

v.

MERCHANTS NATIONAL BONDING INC., an Iowa corporation,

    Third-Party Defendant.

**ANSWER OF MERCHANTS NATIONAL BONDING, INC. TO
FIRST AMENDED CROSSCLAIMS OF JITA CONTRACTING, INC. AND
THIRD-PARTY CLAIMS OF JOEL AGUILAR AND ALEXI STANKIEWICZ**

Third-Party Defendant, Merchants National Bonding, Inc. ("Merchants"), by and through its attorneys, Allen & Curry, P.C., answers the First Amended Crossclaims of JITA Contracting, Inc. ("JITA") and the Claims of Third-Party Plaintiffs Joel Aguilar ("Aguilar") and Alexi Stankiewicz ("Stankiewicz"), ("Claims of JITA, Aguilar and Stankiewicz") [Doc 25] as follows:

## MERCHANTS' RESPONSE TO ALLEGATIONS RELATING TO PARTIES, JURISDICTION AND VENUE

1. Merchants admits paragraph 1 of the Complaint [Doc 1], that Western Gravel Constructors, LLC ("Western Gravel") is a limited liability company with a place of business at 3001 N. Townsend Ave., Montrose, Colorado 81401.

2. Merchants admits paragraph 2 of the Complaint [Doc 1], that JITA is a Colorado corporation, with its principal place of business at 1140A Main Ave., Durango, Colorado 81301.

3. Merchants admits paragraph 3 of the Complaint [Doc 1] that Cincinnati is a foreign corporation with its principal place of business at 6200 S. Gilmore Rd., Fairfield, Ohio 45014.

4. Merchants admits paragraphs 4, 5, 6 and 7 of the Complaint [Doc 1] that the United States District Court for the District of Colorado has jurisdiction over this matter pursuant to 40 U.S.C. § 3131, *et seq*. (the "Miller Act"), as amended, and further admits that by reason of 40 U.S.C. § 3131(3) venue in the District of Colorado is proper since the contract work was performed at Mesa Verde National Park, which is located in Montezuma County, Colorado.

## GENERAL ALLEGATIONS

5. In response to paragraph 8 of the Claims of JITA, Aguilar and Stankiewicz, Merchants incorporates by reference and reasserts its previous responses to all allegations as though fully set forth herein.

6.	Paragraphs 9 through 21 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the General Allegations of Western Gravel in its Miller Act complaint [Doc 1] against JITA and JITA's surety, The Cincinnati Insurance Company ("Cincinnati").  These paragraphs neither state, nor purport to state a claim against Merchants.  They are denied to the extent that the assertion of a claim against Merchants, or the basis of a claim against Merchants, was intended by JITA, Aguilar or Stankiewicz.

7.	Paragraphs 22 through 27 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the First Claims for Relief of Western Gravel in its Miller Act complaint [Doc 1] against JITA and Cincinnati.  These paragraphs neither state, nor purport to state a claim against Merchants.  They are denied to the extent that the assertion of a claim against Merchants, or the basis of a claim against Merchants, was intended by JITA, Aguilar or Stankiewicz.

8.	Paragraphs 28 through 36 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the Second Claim for Relief of Western Gravel in its Miller Act complaint [Doc 1] against JITA and Cincinnati.  These paragraphs neither state, nor purport to state a claim against Merchants.  They are denied to the extent that the assertion of a claim against Merchants, or the basis of a claim against Merchants, was intended by JITA, Aguilar or Stankiewicz.

9.	Paragraphs 37 through 42 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the Third Claim for Relief of Western Gravel in its Miller Act complaint [Doc 1] against JITA and Cincinnati.  These paragraphs neither state, nor purport to state a claim against Merchants.  They are denied to the extent that the assertion of a claim against Merchants, or the basis of a claim against Merchants, was intended by JITA, Aguilar or Stankiewicz.

10.	Paragraphs 43 through 46 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the Fourth Claim for Relief of Western Gravel in its Miller Act complaint [Doc 1]

against JITA and Cincinnati. These paragraphs neither state, nor purport to state a claim against Merchants. They are denied to the extent that the assertion of a claim against Merchants, or the basis of a claim against Merchants, was intended by JITA, Aguilar or Stankiewicz.

11.     Paragraphs 47 through 55 of the Claims of JITA, Aguilar and Stankiewicz are responsive to the Fifth Claim for Relief of Western Gravel in its Miller Act Complaint [Doc 1] against JITA and Cincinnati. These paragraphs neither state, nor purport to state a claim against Merchants. They are denied to the extent that they are intended to assert a claim against Merchants.

12.     Paragraphs 56 through 72 of the Claims of JITA, Aguilar and Stankiewicz are responsive to Crossclaims of Cincinnati against JITA, Aguilar and Stankiewicz. These paragraphs neither state, nor purport to state a claim against Merchants. s. They are denied to the extent that they are intended to assert a claim against Merchants.

13.     In response to paragraph 73 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

14.     Admits paragraphs 74 and 75 of the Claims of JITA, Aguilar and Stankiewicz.

15.     Merchants is without sufficient information to admit or deny paragraph 76 of the Claims of JITA, Aguilar and Stankiewicz and, by reason thereof, denies same.

16.     Admits paragraphs 77 of the Claims of JITA, Aguilar and Stankiewicz.

17.     Concerning paragraph 78 of the Claims of JITA, Aguilar and Stankiewicz, the Prime Contract speaks for itself. Merchants denies all allegations contrary to the terms of the referenced documents.

18.     Admits paragraphs 79, 80, 81, 82 and 83 of the Claims of JITA, Aguilar and Stankiewicz, states that the documents referenced therein speak for themselves and further denies all allegations contrary to the terms of the referenced documents.

19. Admits paragraph 84, 85, 86 and 87 of the Claims of JITA, Aguilar and Stankiewicz that Western Gravel obtained all performance and payments bonds it was obligated to tender under its contract from Merchants. True copies of these performance and payment bonds, dated April 22, 2020, are appended to a pleading filed in this proceeding by The Cincinnati Insurance Company [Doc 16-3, Exhibit C] and states that Merchants' bonds speak for themselves. Merchants denies any all allegations in paragraphs 84, 85, and 86 that are contrary to the express terms and conditions of Merchants' bonds.

20. Merchants is without sufficient information to admit or deny paragraph 87 of the Claims of JITA, Aguilar and Stankiewicz.

21. With respect to paragraphs 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99 of the Claims of JITA, Aguilar and Stankiewicz, Merchants states that the Master Service Agreement ("MSA") and the associated Purchase Order described therein speak for themselves. Merchants denies any and all allegations contrary to the terms thereof.

22. With respect to paragraph 100 of the Claims of JITA, Aguilar and Stankiewicz, Merchants admits that the original delivery date was not met for reasons that remain in contention and further states that it is without information sufficient to form a belief as to the truth of the remaining allegations thereof.

23. Merchants admits that FHWA and/or its agents inspected Western Gravel's work on various occasions and is without information sufficient to form a belief as to truth of the remaining allegations of paragraphs 101 of the Claims of JITA, Aguilar and Stankiewicz.

24. Merchants admits that written communications occurred with respect to FHWA's findings, potential plans for corrective action and scheduling, which communications speak for

themselves, and states that it is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 of the Claims of JITA, Aguilar and Stankiewicz.

25. Merchants admits that FHWA rejected work performed by Western Gravel, that it demanded removal and replacement of that work, that it rejected expert opinions that Western Gravel's work was in compliance with project specifications and denies all remaining allegations paragraph 103 of the Claims of JITA, Aguilar and Stankiewicz.

26. Admits, with respect to paragraph 104 of the Claims of JITA, Aguilar and Stankiewicz, that Western Gravel promptly demobilized from the project following JITA's wrongful July 16, 2021 notice of default and termination of Western Gravel and denies any and all remaining allegations contained therein.

27. With respect to paragraph 105 of the Claims of JITA, Aguilar and Stankiewicz, Merchants admits that JITA attempted by to rescind its wrongful termination of Western Gravel and denies each and every remaining allegation contained therein.

28. Merchants is without sufficient information to admit or deny paragraphs 106 and 107 of the Claims of JITA, Aguilar and Stankiewicz and by reason thereof, denies same.

29. With respect to paragraph to paragraph 108 of the Claims of JITA, Aguilar and Stankiewicz, Merchants admits that it received notices from JITA concerning a meeting planned for July 2021, states that the notices speak for themselves and denies all remaining allegations of paragraph 108.

30. Merchants denies the allegations of paragraphs 109 and 110 of the Claims of JITA, Aguilar and Stankiewicz.

### FOR ANSWER TO COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 1
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### BREACH OF CONTRACT: DEFECTIVE OR UNSUITABLE WORK

31. In response to paragraph 111 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

32. In response to paragraph 112 of the Claims of JITA, Aguilar and Stankiewicz, Merchants states that the Subcontract documents speak for themselves and denies all allegations contrary to the terms of the referenced documents.

33. Merchants denies the allegations of paragraph 113, 114, 115, 116 and 117 of the Claims of JITA, Aguilar and Stankiewicz.

### COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 2
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### BREACH OF CONTRACT: UNDUE DELAY

34. In response to paragraph 118 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

35. Merchants denies the allegations of paragraph 119, 120, 121, 122 and 123 of the Claims of JITA, Aguilar and Stankiewicz.

### COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 3
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### LIQUIDATED DAMAGES AND DISINCENTIVE DEDUCTION

36. In response to paragraph 124 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

37. In response to paragraph 126 of the Claims of JITA, Aguilar and Stankiewicz, Merchants states that the Subcontract documents speak for themselves and denies all allegations contrary to the terms of the referenced documents.

38. Merchants denies the allegations of paragraphs 125 and 127 of the Claims of JITA, Aguilar and Stankiewicz.

### COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 4
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### BREACH OF CONTRACT: PAYMENT BOND

39. In response to paragraph 128 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

40. Merchants denies the allegations of paragraph 129, 130, 131 and 132 of the Claims of JITA, Aguilar and Stankiewicz.

### COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 5
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

41. In response to paragraph 133 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

42. Merchants denies the allegations of paragraph 129, 130, 134, 135, 136, 137, 138, 139 and 140 of the Claims of JITA, Aguilar and Stankiewicz.

### COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 6
### AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
### SPECIAL DAMAGES AND/OR INDEMNIFICATION: TERMINATION COSTS

43. In response to paragraph 141 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

44. Merchants denies the allegations of paragraph 142, 143, 144 of the Claims of JITA, Aguilar and Stankiewicz.

**COUNTERCLAIM AND THIRD-PARTY CLAIM COUNT 7
AGAINST PLAINTIFF AND THIRD-PARTY DEFENDANT MERCHANTS FOR
SPECIAL DAMAGES:  LOST PROFITS AND LOSS OF REPUTATION AND
BUSINESS OPPORTUNITIES**

45. In response to paragraph 145 of the Claims of JITA, Aguilar and Stankiewicz Merchants incorporates herein and realleges its responses to the preceding paragraphs hereof.

46. Merchants denies the allegations of paragraph 146, 147, 148 and 149 of the Claims of JITA, Aguilar and Stankiewicz.

47. Paragraphs 150 through 154 neither state, nor purport to state, any claim against Merchants.  These paragraphs are denied to the extent that the assertion of a claim against Merchants. Merchants incorporates herein and realleges its responses to all preceding paragraphs of this response.

48. Merchants is without sufficient information to admit or deny paragraphs 155, 156, 157, 158 and 159 of the Claims of JITA, Aguilar and Stankiewicz and, by reason thereof, denies same.

49. In response to paragraph 160 of the Claims of JITA, Aguilar and Stankiewicz, Merchants incorporates herein and realleges its responses to all preceding paragraphs of this response.

50. Merchants is without sufficient information to admit or deny paragraphs 161, 162, 163, 164, 165, 166, 167 and 168 of the Claims of JITA, Aguilar and Stankiewicz and by reason thereof, denies same.

**MERCHANTS AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

JITA, Aguilar and Stankiewicz fail to state a claim against Merchants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims of JITA, Aguilar and Stankiewicz are barred, in whole or in part, by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

JITA, Aguilar and Stankiewicz' claims against Merchants are barred, in whole or in part, because their damages resulted from the acts or omissions of parties over whom Merchants had no right or ability to control.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of JITA, Aguilar and Stankiewicz may be barred to the extent they lack standing to make claims asserted herein.

**FIFTH AFFIRMATIVE DEFENSE**

The Claims of JITA, Aguilar and Stankiewicz against Merchants are barred by JITA's wrongful termination of Western Gravel's subcontract in breach of the terms and conditions thereof.

**SIXTH AFFIRMATIVE DEFENSE**

JITA, Aguilar and Stankiewicz' claims are barred, in whole or in part by JITA's wrongful and improper notice of breach of contract to Western Gravel.

**SEVENTH AFFIRMATIVE DEFENSE**

JITA, Aguilar and Stankiewicz' claims are barred, in whole or in part by JITA's failure to provide Western Gravel an opportunity to cure and/or remedy the alleged breach that lead to JITA's termination of Western Gravel's subcontract.

### EIGHTH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims against Merchants are barred, in whole or in part, due to the absence of a causal connection between the alleged actions or inactions of Merchants and the damages, if any, sustained by JITA, Aguilar and Stankiewicz.

### NINTH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims against Merchants are barred, in whole or in part, due to the absence of a causal connection between the alleged actions or inactions of its bond principal, Western Gravel, and the damages, if any, sustained by JITA, Aguilar and Stankiewicz.

### TENTH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims against Merchants are barred, in whole or in part, because their damages resulted from the acts or omissions of parties over whom Merchant's principal, Western Gravel, had no right or ability to control.

### ELEVENTH AFFIRMATIVE DEFENSE

Merchants' liability, if any, is limited to the terms and conditions of the subject subcontract performance bond, including the penal limit of its undertaking.

### TWELFTH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims are barred, in whole or in part by Western Gravel's substantial compliance with the terms and conditions of its subcontract with JITA.

## THIRTEENTH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims are barred, in whole or in part, by their failure to meet conditions precedent to the assertion of claims against the subject subcontract performance bond.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of JITA, Aguilar and Stankiewicz against Merchants are barred, in whole or in part, by their failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of JITA, Aguilar and Stankiewicz may be barred, in whole or in part, by the failure of Cincinnati to mitigate damages arising from the subject project while acting at the attorney-in-fact or assignee of JITA, Aguilar and Stankiewicz or in its capacity of JITA's Miller Act surety.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Claims of JITA, Aguilar and Stankiewicz against Merchants may be barred by applicable statutes of limitation and repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Claims of JITA, Aguilar and Stankiewicz against Merchants may fail, in whole or in part, under the doctrines of accord and satisfaction, waiver and consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Claims of JITA, Aguilar and Stankiewicz against Merchants may fail, in whole or in part, under doctrines of estoppel and unjust enrichment.

### NINETEETH AFFIRMATIVE DEFENSE

The Claims of JITA, Aguilar and Stankiewicz against Merchants may fail, in whole or in part, by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

JITA, Aguilar and Stankiewicz' claims are barred, in whole or in part, by their failure to act in a commercially reasonable manner.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Merchants incorporates herein the affirmative defenses asserted by its bond principal, Western Gravel, in its response to JITA, Aguilar and Stankiewicz Counterclaims, Crossclaims and Third-Party Claims as though fully set forth.

### TWENTY SECOND AFFIRMATIVE DEFENSE

JITA's claims may be barred or limited, in whole or in part, by the *Spearin* doctrine, pursuant to which neither, JITA, JITA's surety, Cincinnati, Western Gravel, nor its surety, Merchants, could be held liable for adverse consequences of defects in the Government's design, plans, drawings and specifications. See *U.S. v. Spearin*, 248 U.S. 132, 136 (1981).

### TWENTY THIRD AFFIRMATIVE DEFENSE

The claims of JITA, Aguilar and Stankiewicz against Merchants may be barred or reduced or mitigated by the terms and conditions of JITA's prime contract, agreements and contract documents with the Federal Highway Administration, Center Federal Lands Division ("FHWA") for construction of the Cliff Palace & Mesa Top Loop Roads Project ("Subject Project") and contract dispute resolution proceedings arising therefrom.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

The damages sought by JITA, Aguilar and Stankiewicz against Western Gravel and Merchants may be barred, eliminated, mitigated, modified and/or reduced by equitable adjustments awarded to JITA in the course of JITA's challenge to its default termination from the Subject Project by the FHWA, by reason of pending proceedings before the Civilian Board of Contract Appeals, styled *Appeal of JITA Contracting, Inc., Appellant, v. U.S. Department of* Transportation*, Respondent*, CBCA No. 7269.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

The Claims of JITA, Aguilar and Stankiewicz against Merchants may be barred to the extent that JITA's wrongful termination of Western Gravel was a compensable termination for the convenience of JITA.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

The Claims of JITA, Aguilar and Stankiewicz against Merchants may be diminished to the extent Western Gravel was terminated at the convenience of JITA, and/or to the extent that Western Gravel's termination was tantamount to a compensable termination of Western Gravel at the convenience of, and for the benefit of the FHWA.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

Western Gravel and its surety, Merchants, are equitably entitled to setoffs, credits, equitable adjustments, damages, wrongfully withheld contract funds, retainage and settlement proceeds resulting from contract dispute proceedings arising from the Subject Project

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

Western Gravel and its surety, Merchants, may be equitably entitled to setoffs and credits for attorney's fees, expenses and costs awarded to JITA that result from contract dispute resolution proceedings and appeals arising from the Subject Project.

### TWENTY NINTH AFFIRMATIVE DEFENSE

Merchants may be entitled a reduction of damages attributable to it, if any, to the extent that contract dispute resolution proceedings and appeals concerning the Subject Project determine that JITA and/or Western Gravel were not responsible for project delays.

### THIRTIETH AFFIRMATIVE DEFENSE

The Claims of JITA, Aguilar and Stankiewicz against Merchants may be barred, in whole or in part, by actions taken by Cincinnati pursuant to the terms of indemnity between JITA, Aguilar and Stankiewicz and Cincinnati.

### THIRTY FIRST AFFIRMATIVE DEFENSE

Merchants and its subcontract bond principal, Western Gravel, may be exonerated from liability, and/or their liability diminished, to extent that Western Gravel and/or JITA were promptly default-terminated, based upon representations and undertakings made by third parties, including but not limited to Cincinnati.

### THIRTY SECOND AFFIRMATIVE DEFENSE

Merchants and its subcontract bond principal, Western Gravel are entitled to setoffs, mitigation of any damages attributable to them, and exoneration from liability under Merchants Subcontract Performance and Payment Bonds to the extent that JITA prevails on Count 1 of its Crossclaim against

its Miller Act Surety, Cincinnati, for "Bad Faith Breach of Insurance Contract: Knowing Failure to Investigate and Hiring at Inflated Costs."

## THIRTY THIRD AFFIRMATIVE DEFENSE

Merchants reserves the right to assert further affirmative defenses as discovery in this action may warrant.

## REQUEST FOR RELIEF

WHEREFORE, Merchants prays that the claims of JITA, Aguilar and Stankiewicz against Merchants be dismissed with prejudice in their entirety, that JITA, Aguilar and Stankiewicz take nothing by reason of their claims, and that Merchants be awarded its reasonable attorney's fees and costs incurred in defending this action, and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of September, 2022.

ALLEN & CURRY, P.C.

*/s/ L. Jay Labe*
L. Jay Labe, #3709
Daniela L. Reichelstein, #54460
1125 Seventeenth Street, Suite 1275
Denver, CO 80202
Tel: (303) 955-6185
*Attorneys for Merchants National Bonding, Inc.*

CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2022, I electronically filed the foregoing **ANSWER OF MERCHANTS NATIONAL BONDING, INC. TO FIRST AMENDED CROSSCLAIMS OF JITA CONTRACTING, INC. AND THIRD-PARTY CLAIMS OF JOEL AGUILAR AND ALEXI STANKIEWICZ** with the Clerk of Court using the CM/ECF system.

                                                                  /s/ Madison R. Gile